### Petition of PRACK.
### No. 93480.

District Court, W. D. Pennsylvania.
March 26, 1932.

Fred C. Houston, of Pittsburgh, Pa., for petitioner.

THOMSON, District Judge.

In this application for citizenship, the following facts are admitted both by the government and by the petitioner:

Arthur Edward Prack was born in Allegheny county, Pa., on February 29, 1892. In 1910 he went to Canada, and from that date to 1915, he spent part of the time in Canada and part of the time in the United States. For the next nine years, from 1915 to October 3, 1924, he has lived in Canada and considered Canada his home. In the meantime, on April 14, 1920, he was duly naturalized in Toronto, Canada, and a certificate of naturalization was issued to him.

On October 3, 1924, he returned to the United States, entering at Buffalo, N. Y. On that date he entered this country as an alien, after first having obtained a nonquota immigration visé, which he obtained from the American Consul at Toronto, Canada. He has continued to reside in the United States since his entry on October 3, 1924.

On March 4, 1927, he filed a declaration of intention to become a citizen, in the United States District Court at Pittsburgh, Pa. On November 13, 1931, he filed his petition for citizenship in the same court, the petition being filed under section 3 (a) of the Act of March 3, 1931, 46 Stat. 1511, 8 USCA § 372a (a). Petitioner has been given a hearing by the examiner, and there is no objection to his admission to citizenship, provided the court holds that at this time he is an alien. The question arises under the proper interpretation of section 3 (a) of the Act of March 3, 1931 and section 2 of the Act of March 2, 1907 (8 USCA §§ 16, 17). Under the first of these statutes the petition here is filed. Section 3 (a) of the Act of March 3, 1931, 8 USCA § 372a (a), provides as follows: "Any person, born in the United States, who had established permanent residence in a foreign country prior to January 1, 1917, and who has heretofore lost his United States citizenship by becoming naturalized under the laws of such foreign country, may, if eligible to citizenship and if, prior to [the enactment of this Act], he has been admitted to the United States for permanent residence, be naturalized upon full and complete compliance with all of the requirements of the naturalization laws, with the following exceptions. * * *" The law then provides that five years' residence is not required, that the petition may be filed six months after the declaration of intention has been made, and that the petition may be heard at any time after filing.

Under the facts of this case, the petitioner brings himself squarely within all the provisions of the above-quoted act. He established his residence in a foreign country prior to January 1, 1917. So far as in him lay, he surrendered his United States citizenship by becoming naturalized under the laws of Canada; and prior to the enactment of the said act of 1931, he has been admitted to the United States for permanent residence, and may be naturalized upon compliance with the requirements of the Naturalization Laws of the United States.

This being true, do the provisions of section 2 of the act of 1907 preclude such admission to citizenship on the ground that he is not an alien but a citizen of the United States? Section 2 of the act of 1907 provides as follows: "Any American citizen shall be deemed to have expatriated himself when he has been naturalized in any foreign State in conformity with its laws, or when he has taken an oath of allegiance to any foreign State (34 Stat. 1229, U. S. C. tit. 8, § 17 [8 USCA § 17])." Said Act further provides that: "No American citizen shall be allowed to expatriate himself when this country is at war." (34 Stat. 1228, U. S. C. tit. 8, § 16 [8 USCA § 16]).

Under the express provisions of the foregoing enactment, any American citizen shall be deemed to have expatriated himself when he has been naturalized in any foreign state in conformity with its laws, or when he has taken an oath of allegiance to any foreign state. The purpose of this enactment clearly was to make naturalization, or an oath of allegiance to any foreign state, a conclusive act of expatriation. But it is said that the effect of the act is taken away by the provision that no American citizen shall be allowed to expatriate himself when this country is at war; and from this it is argued that since

petitioner was naturalized on April 14, 1920, and the war did not officially terminate until July 2, 1921, the Canadian naturalization was void and petitioner still remains a citizen of the United States. With this conclusion I cannot agree. Such result would leave the records of the two countries in absolute hostility in reference to the citizenship of the petitioner. On the one hand, the Canadian records would show that on his own application, he voluntarily renounced his allegiance to the United States and took the oath of allegiance to the Dominion of Canada; on the other hand, the records of the United States would deny the validity of the Canadian naturalization, treating it as a mere nullity. Such conflict should not be brought about except in obedience to some absolute mandate of our laws. I find that no such imperative necessity exists in the solution of this question. The purpose of the act of 1907, setting a limitation on expatriation, was clearly to protect the United States during a period of war, against any citizen who might attempt to evade military service by acquiring the nationality of another country. Should such question be raised between our country and such derelict citizen, the limitation against his attempted self-expatriation could be unanswerably and successfully interposed. But the right of the government to set up this limitation for its own protection is one thing, and the right of the petitioner to assert such limitation in his own favor is a wholly different thing. This shall not and cannot be permitted. The petitioner is justly barred from setting up the limitation by his own voluntary acts. He must stand by the record which he has made.

Being entitled under his petition to citizenship in the United States, his petition is accordingly granted.